IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

**TARA DEARBONE,**

      **Plaintiff,**

v.                                                    Case 2:23-02427-JTF-cgc

**UNITED GROUND EXPRESS, INC.**

      **Defendant.**

---

**REPORT AND RECOMMENDATION ON
UNITED GROUND EXPRESS, INC.'s MOTION TO DISMISS**

---

Before the Court is United Ground Express, Incorporated's ("United Ground Express") Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Docket Entry ("D.E.") #35). Pursuant to Administrative Order 2013-05, the instant motion has been referred to the United States Magistrate Judge for Report and Recommendation. For the reasons set forth herein, it is RECOMMENDED that United Ground Express's Motion to Dismiss be GRANTED.

    **I.**    **Background**

On July 13, 2023, Plaintiff Tara Dearbone filed a *pro se* Complaint against United Airlines ("United Airlines") pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 621 *et seq*. (D.E. #1). Therein, Plaintiff alleged that she was employed by United Airlines as a Customer Service Representative at the Memphis International Airport in Memphis, Tennessee. (Compl. ¶ 5 & Exh. 1). She alleges that she was discriminated against and retaliated against on the basis of her disability, which she identifies as an on-the-job injury. (Compl. ¶¶ 6, 9 & Exh. 1). She

identifies the decision-maker of the allegedly unlawful discrimination and retaliation as General Manager Kesnell Clark ("Clark"). (Compl. at Exh. 1). As an additional exhibit to her Complaint, Plaintiff filed U.S. Equal Employment Opportunity Commission ("EEOC") Determination and Notice of Rights Letter ("Right to Sue Letter") regarding Charge Number 490-2023-00004, which is identified therein as a charge against United Airlines. (Compl. at Exh. 2).

On November 7, 2023, United Airlines filed a Motion for Summary Judgment asserting that it never employed either Plaintiff or Clark. (D.E. #20). After United Airlines filed its Motion for Summary Judgment, Plaintiff filed a Motion to Amend her Complaint to name "United Ground Express" in place of United Airlines as the correct defendant. (D.E. #24). On February 14, 2024, the District Court granted Plaintiff's Motion to Amend, denied United Airlines Motion for Summary Judgment as moot, and deemed all claims against United Airlines as voluntarily dismissed upon the filing of the Amended Complaint. (D.E. #25).

On April 15, 2024, Plaintiff filed her *pro se* Amended Complaint against United Ground Express pursuant to the ADA. (D.E. #24). Therein, Plaintiff raises the same allegations in her initial Complaint but against Defendant United Ground Express. Plaintiff also specifies that she was employed by United Ground Express. (Am. Compl. ¶ 5).

On May 30, 2024, United Ground Express filed the instant Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (D.E. #35). United Ground Express asserts that Plaintiff did not name it as the respondent in her EEOC Charge and, thus, has failed to exhaust her administrative remedies against it. In the alternative, United Ground Express argues that, even if the Court determined that Plaintiff had exhausted her administrative remedies against it by filing an EEOC Charge against United Airlines, the Amended Complaint is untimely because Plaintiff failed to file a complaint against United Ground Express until more than ninety days from her

2

receipt of the Right to Sue Letter. As an exhibit to its Motion to Dismiss, United Ground Express filed Plaintiff's EEOC Charge 490-2023-00004, which names her employer as United Airlines. (*See* D.E. #35-2).

Local Rule 12.1 provides that a "party opposing a motion to dismiss must file a response within 28 days after the motion is served." Plaintiff failed to do so. Accordingly, on July 8, 2024, the Court issued an Order to Show Cause directing Plaintiff to respond to United Ground Express's Motion to Dismiss "**within fourteen (14) days of the entry of this Order**." (D.E. #37). The Court warned that "**FAILURE TO RESPOND TO THIS ORDER WILL RESULT IN A RECOMMENDATION FOR DISMISSAL OF THIS CASE FOR FAILURE TO PROSECUTE**."

On August 2, 2024, Plaintiff filed her Response to the Order to Show Cause. (D.E. #39). Plaintiff asserts that her EEOC Charge against United Airlines suffices to exhaust her administrative remedies against United Ground Express. She further alleges that United Ground Express is a wholly-owned subsidiary of United Airlines and that discovery may reveal a sufficient identity of interested between the named and unnamed entities by virtue of corporate parentage or other joint involvement in the employment situation.

On August 14, 2024, United Ground Express filed its Reply in support of its Motion to Dismiss. (D.E. #40). First, United Ground Express notes that Plaintiff's Response to the Court's Order to Show Cause was not filed within fourteen days. Thus, United Ground Express argues that it should not be considered and that the Court should recommend dismissal of this case for failure to prosecute. Second, United Ground Express argues that Plaintiff's legal arguments regarding exhaustion of remedies are either incorrect or inapplicable to this case.

## II. Legal Standard

### a. Rule 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a claim may be dismissed for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). In addressing a motion to dismiss under Rule 12(b)(6), the court must construe the complaint in the light most favorable to plaintiff and accept all well-pled factual allegations as true. *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). A plaintiff can support a claim "by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007). This standard requires more than bare assertions of legal conclusions. *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 361 (6th Cir. 2001). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Any claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . .claim is and the grounds upon which it rests." *Id.* (citing *Twombly*, 550 U.S. at 555).

Nonetheless, a complaint must contain sufficient facts "state a claim to relief that is plausible on its face'" to survive a motion to dismiss. *Twombly*, 550 U.S. at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 US. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). A plaintiff with no facts and "armed with nothing more than conclusions" cannot "unlock the doors of discovery." *Id.* at 678-79.

Pleadings and documents filed by pro se litigants are to be "liberally construed," and a "pro se complaint, however inartfully pleaded, must be held to a less stringent standard than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  However, "the lenient treatment generally accorded to pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)).  The basic pleading essentials are not abrogated in pro se cases. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).  A pro se complaint must still "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Barnett v. Luttrell*, 414 Fed. Appx. 784, 786 (6th Cir. 2011) (quoting *Ashcroft*, 556 U.S. at 678) (internal quotations and emphasis omitted).  District Courts "have no obligation to act as counsel or paralegal" to pro se litigants. *Pliler v. Ford*, 542 U.S. 225, 231 (2004).  District Courts are also not "required to create" a pro se litigant's claim for him. *Payne v. Secretary of Treasury*, 73 Fed. Appx. 836, 837 (6th Cir. 2003).

### b. ADA Exhaustion-of-Remedies Requirement

Before a claimant may pursue a lawsuit under the ADA in federal court, she must file a charge of discrimination with the EEOC or the appropriate state or local agency.  42 U.S.C. § 12117(a) (citing 42 U.S.C. § 2000e-5); *see also Fort Bend Cty., Texas v. Lois M. Davis*, 139 S.Ct. 1843, 1850-52 (2019) (holding that the filing of an EEOC charge is a mandatory prerequisite to a federal lawsuit).  If the dispute giving rise to the EEOC charge is not administratively resolved and results in a subsequent lawsuit, the case may only be filed against either (1) the named respondent of the underlying EEOC charge or (2) a "unnamed party in the EEOC charge [that] has a 'clear identity of interest' with the party actually sued." *See Szoke v. United Parcel Serv. of Am., Inc.*, 398 F. App'x 145, 153-54 (6th Cir. 2010) (citing *Knafel v. Pepsi-Cola Bottlers of Akron, Inc.*, 899

F.2d 1473, 1480-81 (6th Cir. 1990)). The Sixth Circuit considers entities to have a clear identity of interest only when the named and unnamed party are "virtual alter egos." *Alexander v. Local 496, Laborers' Int'l Union*, 177 F.3d 394, 411-412 (6th Cir. 1999) (citing *Knafel*, 899 F.2d at 1481)). "Merely showing that they are parent and subsidiary is not sufficient." *Knafel*, 899 F.2d at 1481 (concluding that parent and subsidiary companies are "two distinct entities with different business operations").

### III. Proposed Analysis & Conclusions of Law

Here, Plaintiff brought her EEOC Charge solely against United Airlines and subsequently amended her Complaint to only name United Ground Express as a defendant. There is no dispute that these are distinct entities; thus, Plaintiff may only pursue her claims if United Airlines and United Ground Express may be said to be "virtual alter egos" of one another. The Sixth Circuit has explicitly held, however, that parent and subsidiary corporations are not alter egos of one another.

Even so, Plaintiff argues that she should be permitted discovery regarding whether a clear identity of interest could be shown by virtue of corporate parentage[1] or other joint involvement in the employment situation. Plaintiff cites *Gambrell v. General Motors LLC*, No. 21-11846, 2022 WL 274108 (E.D. Mich. Jan. 27, 2022) as support for her proposition that she should be permitted to pursue discovery on the issue of whether United Ground Express has a clear identity of interest with United Airlines. However, in *Gambrell*, the claimant's EEOC charge alleged that he was jointly employed by three entities, who he did not name in his EEOC charge but referred to as "the defendants" and the "joint employers." The claimant's EEOC charge also referenced information throughout that demonstrated the relationship between the unnamed joint employers.

---

[1] Plaintiff's Response refers to "corporate percentage"; however, as it is a verbatim quote from the *Gambrell* case, it appears that she intends to refer to "corporate parentage." *See Gambrell*, 2022 WL 274108 at *7.

6

Here, neither the EEOC Charge nor Plaintiff's Amended Complaint allege any such joint-employment relationship. To the contrary, Plaintiff's Motion to Amend sought to name United Ground Express as the proper defendant because she claimed that it was "responsible for the actions that have led to this legal matter." Plaintiff further stated that United Airlines was named "erroneously" and is "not the correct entity to be named in this lawsuit."

Accordingly, as Plaintiff's EEOC Charge neither named United Ground Express or a party with a clear identity of interest with it as a respondent, it is RECOMMENDED that Plaintiff failed to exhaust its administrative remedies against United Ground Express. Because exhaustion of remedies is a condition precedent to a federal lawsuit under the ADA, it is RECOMMENDED that United Ground Express's Motion to Dismiss pursuant to Rule 12(b)(6) be GRANTED.

### IV.  Conclusion

For the reasons set forth herein, it is RECOMMENDED that United Ground Express's Motion to Dismiss (D.E. #35) be GRANTED.

**SIGNED** this 20th day of November, 2024.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE SAID OBJECTIONS OR EXCEPTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER AND/OR FORFEITURE OF THE OPPORTUNITY TO RAISE OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**