IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| TARA DEARBONE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:23-cv-02427-JTF-cgc |
| | ) | |
| UNITED GROUND EXPRESS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION;
GRANTING DEFENDANT'S MOTION TO DISMISS**

Before the Court is *pro se* Plaintiff Tara Dearbone's Complaint against Defendant United Ground Express, Inc., filed on April 15, 2024. (ECF No. 29.) Dearbone is proceeding *in forma pauperis*. (ECF No. 7.) Pursuant to Administrative Order 2013-05, the Magistrate Judge was assigned to handle all pretrial matters via order or report and recommendation as appropriate.

On May 30, 2024, Defendant filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (ECF No. 35.) Therein, Defendant argues that dismissal is warranted because Plaintiff failed to exhaust her administrative remedies, and her suit is untimely. (ECF No. 35-1, 4-8.) Initially, Plaintiff failed to timely respond to Defendant's Motion, prompting the Magistrate Judge to file an Order to Show Cause, ordering Plaintiff to respond to the Motion to Dismiss within fourteen days. (ECF No. 37.) Plaintiff filed a response on August 2, 2024, and Defendant replied on August 14, 2024. (ECF Nos. 39 & 40.)

On November 20, 2024, the Magistrate Judge submitted her Report and Recommendation on United Ground Express, Inc.'s Motion to Dismiss ("R & R"). (ECF No. 41.) The Magistrate

Judge recommends that Defendant's Motion to Dismiss be granted on the ground that Plaintiff failed to exhaust her administrative remedies. (*Id.* at 7.) Neither Party filed any objections to the R & R, and their opportunity to do so has passed. *See* 28 U.S.C. § 636(b)(1); LR 72.1(g)(2) (objections must be filed within fourteen (14) days after being served a copy of the R & R).

"When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) Advisory Committee Notes. Upon review of the record, the Court does not find clear error. Plaintiff erroneously filed her EEOC complaint against United Airlines, a separate entity. (ECF No. 2-2, 1.) She then failed to prove that United Airlines and United Ground Express, Inc., are "virtual alter egos," so the Court cannot conclude that the identities have a clear identity of interest. *See Alexander v. Local 496, Laborers' Int'l Union*, 177 F.3d 394, 411-412 (6th Cir. 1999) (citation omitted). Thus, Plaintiff failed to exhaust her administrative remedies with respect to Defendant. Because the filing of an EEOC charge and exhaustion of administrative remedies is a mandatory prerequisite to a federal lawsuit, Plaintiff's Complaint must be dismissed. *See Fort Bend Cnty., Texas v. Davis*, 587 U.S. 541, 551 (2019); *Szoke v. United Parcel Serv. of Am., Inc.,* 398 F. App'x 145, 153-54 (6th Cir. 2010) (citation omitted).

Finding no clear error in the record, the Court **ADOPTS** the R & R and **GRANTS** Defendant's Motion to Dismiss.

**IT IS SO ORDERED**, this 16th day of December, 2024.

*s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
UNITED STATES DISTRICT JUDGE